IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00779-WYD-CBS

LYNN C. BERRY,

    Plaintiff,

v.

FEDERAL AVIATION ADMINISTRATION,

    Defendant.
_____

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**
_____

    This matter is before the Court on Defendant's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) (#5), filed on July 1, 2005. Defendant's Motion was referred to Magistrate Judge Shaffer for recommendation by Order of Reference dated May 2, 2005. A Recommendation of United States Magistrate Judge was issued by Magistrate Judge Shaffer on August 16, 2005, and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Shaffer recommends therein that Defendant's Motion to Dismiss be granted because this Court lacks subject matter jurisdiction over Plaintiff's claims. Recommendation at 10.

    Plaintiff timely filed his Objections to Recommendation of United States Magistrate Judge on August, 23, 2005. Plaintiff asserts that the Defendant, Federal Aviation Administration ("FAA"), failed to notify him of the extended leave rights pursuant to the Family and Medical Leave Act ("FMLA"), and due to Plaintiff's

unawareness of FMLA's extended leave allowances, he was unable to take advantage of the extended leave policy. Plaintiff asserts that if the FAA had informed him of his rights under the FMLA, he would have taken the extended leave afforded and remained employed with the federal agency. *See* Objections to Recommendation of United States Magistrate Judge ¶ 2; *see also* Compl. ¶¶ 23-25, 38-39. This objection necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made because the nature of this matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). For the reasons laid out below, I conclude that Defendant's Motion to Dismiss should be granted, because this court does not have subject matter jurisdiction over this claim.

I.   BACKGROUND

By way of background, I note that Plaintiff's employment with the FAA began on October 26, 1989. In 2002, Plaintiff was employed as an Airway Transportation System Specialist in Longmont, Colorado. Plaintiff remained with the FAA until May 2, 2003, and was employed with the federal government for thirteen years before his termination. Following his termination, Plaintiff filed this action alleging the following claims: (1) "Violation of Refusal to Grant a Second Request for Annual Leave," (2) Violation of Employee's Right to be Informed," (3) "Violation of Losses Incurred," and (4) "Violation of 5 U.S.C. 7513 Wrongful Removal." Compl. ¶¶ 20-39. Plaintiff claims are brought pursuant to the FMLA.

II.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for "lack of

jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). A dismissal for lack of subject matter jurisdiction is not a judgment on the merits of the plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). "A court lacking jurisdiction 'must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking.'" *See Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). *See also* FED. R. CIV. P. 12(h)(3).

The party invoking federal jurisdiction bears the burden of proof. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). When the question at issue is one involving the jurisdiction of a federal court, jurisdiction must be shown by the plaintiff affirmatively, and federal question jurisdiction must appear on the face of the complaint. *See Sac & Fox Nation v. Cuomo*, 193 F.3d 1162, 1165 (10th Cir. 1999). "It is presumed that a cause lies outside [the court's] limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co of America*, 511 U.S. 375, 377 (1994)(internal citations omitted).

III.   ANALYSIS

The FMLA grants private and federal employees entitlement to periods of leave under certain circumstances. Title II of the FMLA, 5 U.S.C.§ 6381 *et seq.*, applies to certain federal employees with more than twelve months of service, and Title I, 29

U.S.C. § 2601 *et seq.*, covers leave for private employees and federal employees not covered by Title II. Title I expressly provides a private right of action to remedy violations of the FMLA. 29 U.S.C. § 2617(a)(2). Title II, however, does not contain such a provision. As an employee of the federal government with more than twelve months of service, Plaintiff was categorized as a Title II employee for FMLA purposes.

In its Motion, Defendant seeks to dismiss Plaintiff's Complaint on the basis that there is not a private right of action under the FMLA for Title II federal employees. Other courts have agreed with this position and foreclosed federal employees who are classified as Title II employees from bringing private suits against the federal government. *See Russell v. United States Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999)*; Mann v. Haigh*, 120 F.3d 34, 37 (4th Cir. 1997). "It is well settled that the United States . . . [is] immune from suit, unless sovereign immunity has been waived." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). In *Russell*, the Ninth Circuit held that "the absence of express statutory authorization for such suits under Title II would seem to bar . . . [Plaintiff's] FMLA claims because it is axiomatic that suits against the government are barred by sovereign immunity absent an unequivocally expressed waiter." *Russell,* 191 F.3d at 1018. The court ultimately found that sovereign immunity barred the plaintiff's claims. *Id.* at 1019.

The exclusive remedy for federal employees challenging agency action is the Civil Service Reform Act ("CSRA"), which obliges federal employees who seek redress for agency violations to pursue their claims through grievance procedures or agency management. *See id.* The CSRA provides a comprehensive scheme for administrative

and judicial review of federal personnel actions.  *Id.*  Although the CSRA does not specifically address FMLA claims, a federal employee may bring an FMLA claim before the Merit Systems Protection Board ("MSPB").  See *Davis v. Thompson*, 367 F. Supp. 2d. 792, 800 (D. Md. 2005).  The proper procedure for a Title II employee with a grievance concerning extended leave is to bring a claim before the MSPB, not a federal district court.  *Id.*  A party disputing the MSPB's recommendation may then appeal to the U.S. Court of Appeals for the Federal Circuit, and "once that is done, that is the end of the road."  *Id.*

In his Objection, Plaintiff cites *Gross v. Department of Justice*, 77 M.S.P.R. 83, 88 (1997)*,* for the proposition that an action against the government based on a defendant's failure to inform an employee of FMLA extended leave rights is permissible.  However, the *Gross* decision is from the Merit Systems Protection Board—not a district court—and does not comment on the subject matter jurisdiction of a district court to consider FMLA claims of Title II employees.

I find that as a Title II employee, Plaintiff may not pursue his claims in this Court, which lacks subject matter jurisdiction over his complaint.  As such, Plaintiff's Complaint must be dismissed.

IV.   CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge dated August 16, 2005, is **AFFIRMED AND ADOPTED.**  In accordance therewith, it is

FURTHER ORDERED that the Motion to Dismiss Pursuant to FED. R. CIV. P.

12(b)(1) is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

Dated: February 21, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge